STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David Siegel }
          }
          } Docket No. 258-11-00 Vtec
          }
          }

Decision and Order on Renewed Motion for Summary Judgment

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Duxbury upholding the enforcement action taken by the Zoning Administrator in a letter dated July 24, 2000. Appellant represents himself; Appellees Patricia DiRuocco and Jean Ruth Connolly are represented by Richard Darby, Esq.; the Town of Duxbury is represented by Barbara G. Ripley, Esq. The Court issued an order on April 10, 2001, resolving some of the questions in the Statement of Questions, ruling that Questions 4, 9, 11, 14, 15, 17 and 18 remain for resolution in the hearing on the merits, and allowing Appellees to renew a motion for summary judgment if they had additional facts with which to support it. Appellees renewed their motion, and Appellant has responded to it.

The following undisputed facts are reiterated for the convenience of the parties from the April 10, 2001 order. In 1893 Town Highway No. 30 was opened as a road three rods in width. Some time prior to December of 1970, the Connollys acquired the house at issue in this matter. On December 11, 1970, the Selectboard ordered that Town Highway No. 30 A from the westerly end of the Robert E. Connolly house [now Appellees= house], extending generally westerly to the end of said Highway No. 30@ be changed in status from A open highway@ to A trail.@ The road is a Class 4 road from Turner Road to the westerly end of the Connolly house.

Appellee Patricia DiRuocco owns the house in question, in which her mother, Appellee Jean Ruth Connolly, resides and has a life estate. As of May 28, 1995, William Anderson was the Zoning Administrator. Appellees Jean Ruth Connolly (as applicant) and Patricia DiRuocco (as owner) applied to construct a two-car garage across the road from the Connolly house. The application included a plot plan sketch.

Appellees have now provided the application and sketch in connection with their motion. Appellant has provided a reduced-size version of a survey prepared in November of 1996 by Allen J. Newton, but neither party has provided a survey, an affidavit of the surveyor, or any measurements, from which the Court can determine whether the entire garage was built westerly of the westerly end of the house, and therefore adjacent to the trail rather than the Class 4 road. In addition, neither party has provided the Zoning Bylaws, from which the Court could determine whether any setback requirements apply[1] to a structure located adjacent to a trail. Accordingly, the renewed Motion for Summary Judgment is also DENIED, because material facts are in dispute.

For the guidance of the parties in developing their evidence for trial, we note that the 1970 Selectboard action referred to the A westerly end@ of the house. The parties should plan to establish that location with reference to the house as it existed in 1970. The parties should also be prepared to address whether the dividing line between the A trail@ segment of Town Highway No. 30 and the A road@ segment of Town Highway No. 30 should be located by an extension of the most westerly side of the house (line AB in the diagram[2] below), as suggested by the zoning application sketch plan; or by a line drawn perpendicular to the traveled way from the most westerly point on the house (line AC in the diagram below); or by a line drawn along the cardinal east-west line from the most westerly point of the house (line AD in the diagram below) as suggested by Appellant; or by some other drafting method. If the Zoning Bylaws provide a measurement method or definition of setback or frontage, such definition may assist the Court and the parties in this task.

A telephone conference is scheduled in this matter for June 1, 2001, at which we will schedule the hearing on the merits of this matter.

Done at Barre, Vermont, this 4th day of May, 2001.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]    As the Court understands it, Appellees argue that the bylaws do not require setbacks to be met adjacent to trails, and that therefore the permit was correct in its statement that "all set back requirements are met;" while Appellant argues either that a portion of the garage is adjacent to the Class 4 Road, or that setback requirements must be met even adjacent to trails, or that, even if no setback must be met, the right-of-way of the trail remains three rods wide and the garage is improperly located within that right-of-way.

[2.]    Please note that the diagram is not evidence of anything; it is meant to direct the parties to the evidence they may wish to present to assist the Court in resolving this matter.